JOHN W. HUBER, United States Attorney (#7226)
MICHAEL GADD, Special Assistant United States Attorney (#13704)
AARON B. CLARK, Assistant United States Attorney (#15404)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682
Email: michael.gadd@usdoj.gov

FILED
U.S. DISTRICT COURT

2018 FEB 15 P 1: 29

DISTRICT OF UTAH

DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CAMERON ROSS WALDRON,<br>RANDALL HEATH,<br>CHRISTIAN CARLOS HEATH,<br>JENNIFER LYNN JENSEN,<br>PAUL RAYMOND HILSE,<br>ROBERT ANTHONY BLACKBURN,<br>CHRISTOPHER EDWARD<br>TOWNSEND, and<br>ROBERT JOHN LOVATO,<br><br>Defendants. | CASE NO. 2:18-CR-00031-TC<br><br>**SUPERSEDING INDICTMENT**<br><br>VIOLATIONS:<br><br>COUNT 1: 21 U.S.C. §§ 841(a)(1) & 846, Conspiracy to Distribute Fentanyl; (Waldron, Heath, and Heath)<br><br>COUNT 2: 21 U.S.C. §§ 841(a)(1) & 846, Conspiracy to Distribute Marijuana; (Waldron, Heath, Heath, Jensen, and Hilse)<br><br>COUNT 3: 18 U.S.C. § 1956(h), 18 U.S.C. § 1956(a)(1)(A)(i), & 18 U.S.C. § 1956(a)(1)(B)(i), Conspiracy to Commit Money Laundering Promotion and Concealment; (Waldron, Heath, Heath, Jensen, Hilse, and Blackburn)<br><br>COUNT 4: 21 U.S.C. §§ 841(a)(1) & 846, Conspiracy to Distribute Marijuana; (Heath, Heath, Jensen, Townsend, and Lovato)<br><br>COUNT 5: 18 U.S.C. § 1956(h), 18 U.S.C. § 1956(a)(1)(A)(i), & 18 U.S.C. § 1956(a)(1)(B)(i), Conspiracy to Commit Money Laundering Promotion and Concealment; (Heath, Heath, Jensen, Townsend, and Lovato) |

|  | COUNTS 6-11: 18 U.S.C. § 1957 and §2, Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity, (Heath and Heath).<br><br>Judge Tena Campbell |
|---|---|

The Grand Jury Charges:

## COUNT 1
### 21 U.S.C. §§ 841(a)(1) & 846
### (CONSPIRACY TO DISTRIBUTE FENTANYL)

Beginning at a date unknown, but not later than October 2015, and continuing through at least May 2017, within the Central Division of the District of Utah and elsewhere,

> CAMERON ROSS WALDRON,
> RANDALL HEATH, and
> CHRISTIAN CARLOS HEATH,

defendants herein, did knowingly and intentionally combine, conspire, confederate, and agree with others known and unknown to distribute four hundred grams or more of a mixture or substance containing a detectable amount of Fentanyl (N-phenyl-N-[ 1-( 2-phenylethyl ) -4-piperidinyl ] propanamide), a Schedule II controlled substance within the meaning of 21 U.S.C. § 812; all in violation of 21 U.S.C. §§ 841(a)(1) and 846 and punishable pursuant to 21 U.S.C. § 841(b)(1)(A).

## COUNT 2
### 21 U.S.C. §§ 841(a)(1) & 846
### (CONSPIRACY TO DISTRIBUTE MARIJUANA)

Beginning at a date unknown, but not later than April 2015, and continuing through at least May 2017, within the Central Division of the District of Utah and elsewhere,

> CAMERON ROSS WALDRON,
> RANDALL HEATH,
> CHRISTIAN CARLOS HEATH,
> JENNIFER LYNN JENSEN, and
> PAUL RAYMOND HILSE,

defendants herein, did knowingly and intentionally combine, conspire, confederate, and agree with others known and unknown to distribute fifty kilograms or more of a mixture or substance containing a detectable amount of Marijuana, a Schedule I controlled substance within the meaning of 21 U.S.C. § 812; all in violation of 21 U.S.C. §§ 841(a)(1) and 846 and punishable pursuant to 21 U.S.C. § 841(b)(1)(C).

## COUNT 3
### 18 U.S.C. § 1956(h), 18 U.S.C. § 1956(a)(1)(A)(i), & 18 U.S.C. § 1956(a)(1)(B)(i)
### (CONSPIRACY TO COMMIT MONEY LAUNDERING PROMOTION AND CONCEALMENT)

Beginning on a date unknown, but not later than April 2015, and continuing through at least May 2017, in the Central Division of the District of Utah and elsewhere,

> CAMERON ROSS WALDRON,
> RANDALL HEATH,
> CHRISTIAN CARLOS HEATH,
> JENNIFER LYNN JENSEN,

3

PAUL RAYMOND HILSE, and
ROBERT ANTHONY BLACKBURN,

the defendants herein, did knowingly and intentionally combine, conspire, confederate, and agree with others known and unknown to launder monetary instruments, knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity, by conducting and attempting to conduct such a financial transaction involving the proceeds of a specified unlawful activity, that is the unlawful distribution of a controlled substance, specifically fentanyl and marijuana, with the intent to promote the carrying on of the specified unlawful activity, and knowing that the transaction was designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of the specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(A)(i), 18 U.S.C. § 1956(a)(1)(B)(i); all in violation of 18 U.S.C. § 1956(h).

## MANNER AND MEANS

The manner and means used to accomplish the objects of the conspiracy included, among others, the following: in the operation of the illegal drug distribution activities in COUNT 1 and COUNT 2, and from the drug proceeds generated from the illegal drug distribution activities in COUNT 1 and COUNT 2, defendants CAMERON WALDRON, RANDALL HEATH, CHRISTIAN HEATH, JENNIFER JENSEN, PAUL HILSE, and ROBERT BLACKBURN purchased properties in Colorado for the purpose of cultivating marijuana; purchased marijuana cultivation supplies; deposited drug proceeds into personal and corporate bank accounts; paid hotel, rental car, and airfare expenses; and

made purchases of drugs from sources of supply in California, Utah, and other areas to procure the drugs in COUNT 1 and COUNT 2 that were used for subsequent illegal drug distribution transactions.

## COUNT 4
## 21 U.S.C. §§ 841(a)(1) & 846
## (CONSPIRACY TO DISTRIBUTE MARIJUANA)

Beginning at a date unknown, but not later than May 2017, and continuing through at least February 2, 2018, within the Central Division of the District of Utah and elsewhere,

> RANDALL HEATH,
> CHRISTIAN CARLOS HEATH,
> JENNIFER LYNN JENSEN
> CHRISTOPHER EDWARD TOWNSEND, and
> ROBERT JOHN LOVATO,

defendants herein, did knowingly and intentionally combine, conspire, confederate, and agree with others known and unknown to distribute one hundred kilograms or more of a mixture or substance containing a detectable amount of Marijuana, a Schedule I controlled substance within the meaning of 21 U.S.C. § 812; all in violation of 21 U.S.C. §§ 841(a)(1) and 846 and punishable pursuant to 21 U.S.C. § 841(b)(1)(B).

## COUNT 5
## 18 U.S.C. § 1956(h), 18 U.S.C. § 1956(a)(1)(A)(i), & 18 U.S.C. § 1956(a)(1)(B)(i)
## (CONSPIRACY TO COMMIT MONEY LAUNDERING
## PROMOTION AND CONCEALMENT)

Beginning on a date unknown, but not later than May 2017, and continuing through February 2, 2018, in the Central Division of the District of Utah and elsewhere,

> RANDALL HEATH,
> CHRISTIAN CARLOS HEATH,
> JENNIFER LYNN JENSEN,
> CHRISTOPHER EDWARD TOWNSEND, and
> ROBERT JOHN LOVATO,

the defendants herein, did knowingly and intentionally combine, conspire, confederate, and agree with others known and unknown to launder monetary instruments, knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity, by conducting and attempting to conduct such a financial transaction involving the proceeds of a specified unlawful activity, that is the unlawful distribution of a controlled substance, specifically fentanyl and marijuana, with the intent to promote the carrying on of the specified unlawful activity, and knowing that the transaction was designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of the specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(A)(i), 18 U.S.C. § 1956(a)(1)(B)(i); all in violation of 18 U.S.C. § 1956(h).

## MANNER AND MEANS

The manner and means used to accomplish the objects of the conspiracy included, among others, the following: in the operation of the illegal drug distribution activity in COUNT 4, and from the drug proceeds generated from the illegal drug distribution activity in COUNT 1, COUNT 2, and COUNT 4, defendants Randall HEATH, Christian HEATH, Jennifer JENSEN, Christopher TOWNSEND, and Robert LOVATO, purchased and invested in properties in Oregon for the purpose of cultivating marijuana; purchased marijuana cultivation supplies; deposited drug proceeds into personal and corporate bank

accounts; paid hotel and airfare expenses; and made purchases of drugs from sources of supply in Oregon and other areas to procure the drugs in COUNT 4 that were used for subsequent illegal drug distribution transactions.

### COUNTS 6-11
### 18 U.S.C. § 1957 and § 2
### (ENGAGING IN MONETARY TRANSACTIONS IN PROPERTY DERIVED FROM SPECIFIED UNLAWFUL ACTIVITY)

On or about the dates set forth below, in the District of Utah and elsewhere, the defendants did knowingly engage and attempt to engage in the following monetary transactions by through or to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, that is the deposit and transfer of U.S. currency and funds, such property having been derived from a specified unlawful activity, that is, the unlawful distribution of a controlled substance, specifically fentanyl and marijuana,

| COUNT | DEFENDANTS | DATE | MONETARY TRANSACTION |
|---|---|---|---|
| 6 | CHRISTIAN CARLOS HEATH and RANDALL HEATH | July 8, 2016 | $16,200 cash deposit into Wells Fargo Bank account ending in 7395 |
| 7 | CHRISTIAN CARLOS HEATH and RANDALL HEATH | July 11, 2016 | $16,180 wire transfer from Wells Fargo Bank account ending in 7395 |
| 8 | CHRISTIAN CARLOS HEATH and RANDALL HEATH | July 27, 2016 | $16,205 cash deposit into Wells Fargo Bank account ending in 7395 |
| 9 | CHRISTIAN CARLOS HEATH and RANDALL HEATH | July 28, 2016 | $16,201.94 wire transfer from Wells Fargo Bank account ending in 7395 |

| 10 | CHRISTIAN CARLOS HEATH and RANDALL HEATH | May 27, 2017 | $21,000 cash deposit into Wells Fargo Bank account ending in 7395 |
| 11 | CHRISTIAN CARLOS HEATH and RANDALL HEATH | May 30, 2017 | $21,000 wire transfer from Wells Fargo Bank account ending in 7395 |

and did aid and abet therein, all in violation of 18 U.S.C. §§ 1957 and 2.

## NOTICE OF INTENT TO SEEK FORFEITURE

Pursuant to 21 U.S.C. § 853, upon conviction of any offense charged herein in violation of subchapter I or II of Chapter 13 in Title 21 of the United States Code, the defendant shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense(s) and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense(s). The property to be forfeited includes, but is not limited to, the following:

- Real Property located at 1199 Thompson Creek Road, Jacksonville, Oregon;
- Real Property located at 1161 Kelsey Court (Lot 8), Florence, Colorado;
- $74,384.43 USD, and
- A MONEY JUDGMENT equal to the value of any proceeds obtained, directly or indirectly, as the result of such offense(s) and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense(s).

Pursuant to 18 U.S.C. § 982(a)(1), upon conviction for any offense in 18 U.S.C. §§ 1956 or 1957, the defendants shall forfeit to the United States of America any property, real or personal, involved in such violations, and any property traceable to such property. The property to be forfeited includes, but is not limited to the following:

- Real Property located at 1199 Thompson Creek Road, Jacksonville, Oregon;
- Real Property located at 1161 Kelsey Court (Lot 8), Florence, Colorado;
- $74,384.43 USD, and
- A MONEY JUDGMENT equal to the value of all property involved in the money laundering.

## SUBSTITUTE ASSETS

If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p) and 18 U.S.C. § 982(b).

A TRUE BILL:

/S/
_____
FOREPERSON OF GRAND JURY

JOHN W. HUBER
United States Attorney

_____
MICHAEL GADD
Special Assistant United States Attorney
AARON B. CLARK
Assistant United States Attorney